UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ROBERT DEMOS, JR,<br><br>Plaintiff,<br><br>v.<br><br>JAY INSLEE, STEVEN SINCLAIR,<br><br>Defendants. | CASE NO. 3:20-CV-5271-RBL-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: May 1, 2020 |

Plaintiff John Demos, a state prisoner, has filed a proposed civil-rights complaint. Dkt. 1, 1-1. He did not pay the filing fee and submitted a deficient application to proceed *in forma pauperis* ("IFP") on the incorrect form. *See id.* Plaintiff was convicted in 1978 of attempted rape and first-degree burglary and was sentenced to an indeterminate sentence of 240 months to life in prison. *See State v. Demos*, 619 P.2d 968 (Wash. 1980).

Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). An Order of this Court provides for

1 the return without filing of any petition that seeks an extraordinary writ pursuant to 28 U.S.C. §§
2 1651, 2253 or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-
3 JLW (W.D. Wash. Mar. 13, 1997). In addition, plaintiff may submit **only three IFP**
4 **applications and proposed actions** each year. *See In re John Robert Demos*, MC91-269-CRD
5 (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos*
6 (W.D. Wash. Dec. 15, 1982). Under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent
7 danger of serious physical injury" to proceed IFP because he has had more than three prior
8 actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*,
9 MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

10 Plaintiff has already filed three proposed § 1983 actions this year. *See Demos v. Thomas*
11 *et al*, No. 2:20-cv-00175-RSM (W.D. Wash.); *Demos v. Kavanaugh et al*, No. 2:20-cv-00177-
12 JLR (W.D. Wash.); *Demos v. Holbrook et al.*, No. 3:20-cv-5270-RBL-TLF (W.D. Wash.).[1]
13 Accordingly, the instant action is barred by order of this District and the Court recommends that
14 it be DISMISSED without prejudice. *See In re John Robert Demos*, MC91-269-CRD (W.D.
15 Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D.
16 Wash. Dec. 15, 1982).

17 Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
18 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
19 6. Failure to file objections will result in a waiver of those objections for purposes of de novo

---

[1] Tthe allegations in the proposed complaint allege deliberate indifference as a result of Coronavirus or COVID-19. Dkt. 1-1. However, the bar order is clear that plaintiff may only file three proposed actions per year. There is no exception in the bar order based on an allegation of imminent danger after plaintiff has submitted three actions in a year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982); 28 U.S.C. § 1915(g). In addition, plaintiff's allegations are similar to his third case he filed this year, which is still pending. *See Demos v. Holbrook et al.*, No. 3:20-cv-5270-RBL-TLF (W.D. Wash.).

review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May 1, 2020 as noted in the caption.

Dated this 8th day of April, 2020.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3